Thompson J.
delivered the opinion of the court. ¡¿Several points were suggested in support of the motion to set aside the verdict in this case; the most important of which relates to the competency of Anow, an inhabitant of Staten-Island, who was offered by the defendants as a witness, to establish a common right in all the inhabitants of Staten-Island to the fishery in question. This witness was, I think, properly rejected. A commoner is inadmissible to prove a right of common, uuless the common be claimed by prescription, in right of a particular estate. The reason of the rule is, that in case of custom* ary commoners, a verdict in an action fer or against one, *176 is evidence for or against another claiming in the same right. (Ld. Raym. 731. Doug. 374. Skinner, 174.1 East, 355. 1 Term, 302-3. Peake’s Ev. 31.) The witness was, therefore, directly interested in the event of the suit. Nor could the release, offered by the witness, remove the objection ; since it could pass no right to the plaintiff, nor extinguish any interest which the witness had. Should he have exercised the right of fishing at any time after-wards, no person could have taken advantage of this re-lease. The right belonged to the witness, or other persons, not in their individual capacity, but as inhabitants of Staten-Islánd. The right set up by the defendants, if it existed at all, depended on residence exclusively. And although the witness might bind himself by covenant not to exercise this right, he could not assign or release it, as it was local and personal. If the acceptance of the release would have removed the interest, it is well and rationally settled, that in such case, the witness having done every thing in his power to render himself competent, the obstinacy of the opposite party shall not prevent his being examined. It was likewise offered to be proved by this witness, that a certain road, as laid out, had been used as a common highway, without interruption, for a great lenghth of time. Although the witness might have been competent for this purpose, the testimony would have been immaterial and irrelevant; for the locus in quo, is fifty yards distant from this road.
2. M’Clean was properly admitted a witness on the part of the plaintiff. He could have no possible interest in the event of this suit; this verdict could never be given in evidence in a cause between him and the plaintiff; besides as an inhabitant of Staten-Island, claiming a common fishery, his interest was against the plaintiff.
3. The sole and exclusive possession of the plaintiff was sufficiently and fully proved. The locus in quo had been rented by RP Clean for a number of years, from Catherine Vandeivinter and Anne Jacobson, from whom *177 the plaintiff purchased by deed, dated'the 28th August, 1799; after which M’Clean held under the plaintiff, and two of the defendants recognized his title, by paying for the privilege of fishing.
4. If the defendants failed in making out their justification, and the plaintiff’s fight to the locus in quo was established, I cannot see in what respect the judge was incorrect in his charge to the jury. It was certainly proper for the jury in assessing the damages, to take into consideration the injury the plaintiff had sustained by the defendant’s interfering with, and encroaching on, his rights. This was theg-«.st of the action; and thus far, and no farther, did the judge direct the jury with respect to the rule of damages. Some other objections of minor importance were suggested on the argument, none of which, however, are tenable; and of course, the motion must be denied.
Judgment fof the plaintiff.